UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD WEAVER,<br><br>    Plaintiff,<br><br>    v.<br><br>INDIANA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | CAUSE NO. 3:25-CV-875-PPS-AZ |

**OPINION AND ORDER**

Donald Weaver, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. As required by 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.[1] To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Weaver is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] An initial partial filing fee was assessed in October 2025 and has not yet been received, but Weaver has provided documents indicating that the money was withdrawn from his account in early December 2025. [DE 5; DE 6.] I recognize that he has no control over when prison staff mail the payment, or how long it takes to arrive in the mail. To avoid further delay I will proceed to screen the complaint.

Weaver is an inmate at Indiana State Prison. He had back surgery in 2023 and has rods and screws in his back. He was initially assigned to the medical unit upon his return to the facility after surgery and was using a wheelchair. He later used a walker, and ultimately a cane, which he continues to use at present. Because of the surgery he has weakness in his legs and back making it difficult for him to climb stairs. He alleges that upon his release from the medical unit, Dr. Nancy Marthakis issued him a "bottom range pass," meaning he would be assigned to a unit that didn't require him to use stairs. However, in June 2024 Sergeant Soto (first name unknown) told him he was being moved to a "top tier" range. Weaver told him he could not be assigned to that range because of his back and leg problems. Sergeant Soto allegedly did nothing to check on this, and instead became angry and told him he would be placed in "lock up" if he didn't go. He cooperated with the move. [DE 1 at 1-2].

After moving he continued to raise the issue about his placement. In response to his inquiries, he was told by unnamed prison staff that Unit Team Manager Joseph Schneider was the only one who could move him. He alleges that he raised the issue with Manager Schneider several times, but he did nothing to move him. On or about June 26, 2024, he fell down a flight of stairs, causing injury to his shoulder, neck and back. After receiving medical treatment, he was immediately moved to a bottom range. Based on these events, he seeks monetary damages from seven defendants. [*Id.* at 2].

The Eighth Amendment's Cruel and Unusual Punishment Clause imposes a duty on prison officials to "take reasonable measures to guarantee the safety" of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). To state a claim, an inmate

must allege that a defendant was deliberately indifferent to "an excessive risk" to his health or safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). This encompasses two elements: "(1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (internal quotation marks omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020). Rather, the deliberate indifference standard imposes a "high hurdle," requiring something "approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012); *see also Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021) (describing deliberate indifference standard as "akin to criminal recklessness").

Under these standards, Weaver has plausibly alleged an Eighth Amendment claim against Sergeant Soto and Manager Schneider. He claims he notified them of his inability to climb stairs, and it can be reasonably inferred that his difficulty walking would have been readily apparent, given his current use of a cane. Despite his obvious mobility problems and the existence of a bottom range pass issued by a doctor, they allegedly placed him in an excessively risky situation by assigning him to a unit that required him to use stairs regularly. Ultimately, he fell and injured himself. He will be permitted to proceed on a claim for damages against these defendants.

He also sues Dr. Marthakis because he suspects she may not have properly communicated to correctional staff that he had a bottom range pass. I cannot plausibly

3

infer from what he has alleged that Dr. Marthakis knew correctional staff were not honoring the bottom range pass she had issued or that Weaver was otherwise in danger. It is also not apparent that a doctor—rather than subordinate medical staff—would be responsible for communicating an order directly to correctional staff. At most, the circumstances he describes suggest that Dr. Marthakis could have done her job more thoroughly, which is in the vein of negligence, not deliberate indifference. He will not be permitted to proceed against the doctor.

He also sues a number of supervisory employees: Warden Ron Neal, Assistant Warden Dawn Buss, and two officials who oversee "classification," Mrs. Abrams (first name unknown), and R. Kubsch. His allegations against them are, in effect, that they were in charge and failed to ensure that proper procedures were followed by their subordinates. Liability under 42 U.S.C. § 1983 is based on personal involvement, and these officials cannot be held liable for damages solely because of their positions. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory officials can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). I cannot plausibly infer from what Weaver has alleged that these high-ranking officials and supervisors were personally aware of Weaver's situation and condoned or turned a blind eye to the actions of Sergeant Soto and Manager Schneider. He has not alleged enough to proceed against these individuals.

He also sues the Indiana Department of Correction, but a state agency is not a "person" that can be found liable for a constitutional violation. *Will v. Mich. Dep't of*

4

*State Police*, 491 U.S. 58, 63 (1989). Additionally, as an arm of the state, the IDOC has Eleventh Amendment immunity in federal court. *Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008).

For these reasons, the Court:

(1) **GRANTS** the plaintiff leave to proceed against Sergeant Soto (first name unknown) and Unit Team Manager Joseph Schneider in their personal capacity for monetary damages for exposing him to an excessive risk of harm in violation of the Eighth Amendment by assigning him to a top tier unit despite his inability to use stairs, causing him to fall and injure himself in June 2024;

(3) **DISMISSES** the Indiana Department of Correction, Ron Neal, Dawn Buss, Mrs. Abrams, Dr. Nancy Marthakis, and R. Kubsch as defendants;

(4) **DISMISSES** all other claims;

(5) **DIRECTS** the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Soto (first name unknown) and Unit Team Manager Joseph Schneider at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) **ORDERS** the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(7) **ORDERS** Sergeant Soto (first name unknown) and Unit Team Manager Joseph Schneider to respond, as provided for in the Federal Rules of Civil Procedure

and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: January 13, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT