UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD WEAVER,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SCHNEIDER, et al.,<br><br>Defendants. | CAUSE NO. 3:25-CV-875-AZ |

OPINION AND ORDER

Donald Weaver, a prisoner without a lawyer, is proceeding against Sergeant Michael Soto and Unit Team Manager Joseph Schneider on an Eighth Amendment claim for damages. He alleges that they assigned him to an upper-tier cell despite his inability to use stairs and that he fell and injured himself in June 2024. ECF 7 at 5. The defendants move for summary judgment, arguing that Weaver failed to exhaust his available administrative remedies before filing suit. ECF 21. The motion is fully briefed. ECF 29, 30, 31.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views the evidence and draws all reasonable inferences in Weaver's favor. A dispute is genuine if a reasonable factfinder could find for him on the evidence presented. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

The Prison Litigation Reform Act requires prisoners to exhaust available administrative remedies before bringing suit over prison conditions. 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense that the defendants bear the burden of proving. *Gooch v. Young*, 24 F.4th 624, 627 (7th Cir. 2022).

To exhaust, a prisoner must submit complaints and appeals at the time and in the place the prison's rules require. *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). Availability depends on whether the prisoner could use the procedure in practice. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). A remedy becomes unavailable when prison officials mishandle a properly submitted grievance and leave the prisoner with no further means of review. *Dole v. Chandler*, 438 F.3d 804, 809–11 (7th Cir. 2006).

The Executive Assistant at Indiana State Prison (ISP) attests that the Adult Classification Procedure governed appeals of housing decisions at the time of Weaver's placement. ECF 21-1 at 2–3. A prisoner had ten working days from receipt of the classification decision to submit State Form 9260, "Classification Appeal," to the warden. ECF 21-2 at 19. After deciding the appeal, the warden was to provide the prisoner a copy of the completed form and file the original. The warden's decision was final. *Id.* at 19–20.

According to the Executive Assistant, Weaver returned to ISP following his back surgery on December 17, 2023, and was housed in G Cellhouse, the medical unit. ECF 21-1 at 3. A physician issued him a 90-day bottom-range pass on January 24, 2024. *Id.* at 4. On April 26, he moved to Cell 109L on the bottom range of D Cellhouse. *Id.* On May 20, he moved to Cell 209L on the second floor of B Cellhouse. *Id.* The Executive

Assistant searched Weaver's classification appeals file and found no Form 9260 challenging his placement in Cell 209L. *Id.* at 4–5. Because Weaver did not appeal his placement in Cell 209L, the Executive Assistant concludes he did not exhaust his available administrative remedies before he filed this lawsuit. *Id.*

In response, Weaver says he submitted a classification appeal and never received a response. He attests, "I've done a Classification Appeal before and yes I done another one and it was given to staff which Offenders usually give this type, legal mail, inter-mail to counselors so it will get to the designation quicker, and yes I did utilize such process." ECF 29-2 at 4. He identifies his counselor, Mr. Dominguez, as the person to whom he gave the appeal for delivery. ECF 29-1 at 7.

Here, there is a disputed fact regarding whether Weaver submitted a classification appeal to his counselor challenging the May 20, 2024, decision to house him in Cell 209L. The defendants are correct that Weaver's assertions here are vague, as he does not explain when he submitted this form to his counselor and does not expressly say that the form challenged his May 20 placement in Cell 209L. But his attestation was in response to the defendants' contention that he never appealed that particular placement. In that context, his distinction between an appeal he filed "before" and "another one" he gave staff permits a reasonable inference that the second appeal concerned the upstairs assignment at issue here. ECF 29-2 at 4. And Weaver asserts he provided the appeal form to his specific counselor, which gives the court a concrete account to test.

A factfinder could credit both Weaver's account of giving the form to Dominguez and the Executive Assistant's account of her file search. If the form never reached the warden, there would be no completed appeal to file and no decision to return to Weaver. ECF 21-2 at 19–20. The absence of a copy therefore cannot resolve the dispute on summary judgment. *See Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014).

The written procedure directs appeals to the warden and leaves the means of delivery unspecified. ECF 21-2 at 19–20. Weaver says prisoners routinely gave counselors documents of this kind for delivery. ECF 29-2 at 4. In *Curtis v. Timberlake*, 436 F.3d 709, 711–12 (7th Cir. 2005), evidence that a social worker accepted grievances by hand created a factual dispute even though the written policy directed prisoners to use a lockbox. If Weaver timely submitted an appeal of this placement through an accepted channel and it went unanswered, the defendants identify no further step available to him under the classification procedure. *See Dole*, 438 F.3d at 809–11.

Accordingly, there are factual disputes which preclude summary judgment on the defendants' exhaustion defense and require an evidentiary hearing. *Pavey v. Conley*, 544 F.3d 739, 741–42 (7th Cir. 2008). If the defendants elect to pursue their exhaustion defense, the court will hold a *Pavey* hearing to determine whether Weaver gave his counselor a Form 9260 challenging his placement in Cell 209L, whether he did so within ten working days after receiving the classification decision, and whether ISP accepted appeals given to counselors for delivery to the warden. The court will only schedule a *Pavey* hearing if the defendants file a motion requesting it.

For these reasons, the motion for summary judgment (ECF 21) is **DENIED**. The defendants are **CAUTIONED** that if a *Pavey* hearing is not requested by **January 4, 2027**, the affirmative defense of exhaustion of administrative remedies will be waived.

SO ORDERED on this 23rd day of November 2026.

s/*Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT